DANIEL A. SCHILLINGER,

Plaintiff,

v.                                                    Case No. 26-cv-0251-bhl

JORDAN JOHNSON,
VINCENT CAIRA, JR., and
LAURA A. DANGELSER,

Defendants.

## SCREENING ORDER

Plaintiff Daniel Schillinger, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Schillinger's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Schillinger has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Schillinger has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $18.34. Schillinger motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Schillinger, on May 5, 2025, he informed a sergeant that another inmate had sexually harassed him by rubbing up on him and putting his arm around him. When Schillinger told the inmate he did not want him to come to his cell with him, the inmate walked away. The next day, the sergeant reported the incident to Lt. Laura Dangelser. Schillinger also mentioned the incident to Jordan Johnson, his unit manager. On May 16, 2025, Johnson alleged in an email that Schillinger had told him that he had made the whole thing up. Schillinger believes that Johnson lied about Schillinger's statement because he did not want the other inmate to get in trouble.

Schillinger asserts that Lt. Dangelser looked at the video footage but did not see any contact between Schillinger and the other inmate. Lt. Dangelser told Schillinger that it took her three hours to investigate his claims, and she accused him of lying. Schillinger asserts that he has a bad memory from being beaten while housed at a different institution, so the contact between him and the other inmate may have occurred on a different day than he originally reported. Schillinger

2

asserts that no one tried to talk to the other inmate. Instead, Lt. Dangelser wrote him a conduct report for disruptive conduct and lying. At a subsequent hearing, officer Vincent Caira found it more likely than not that Schillinger had committed the violations and gave him sixteen days of room confinement as a punishment.

### THE COURT'S ANALYSIS

Schillinger asserts that Defendants violated his rights when they failed to adequately investigate his allegations that he had been sexually harassed by another inmate and then improperly punished him for making a false conduct report, for which he received sixteen days room confinement. For the reasons explained below, Schillinger fails to state a claim on which relief can be granted.

First, Schillinger does not state a due process claim based on his allegations that Lt. Dangelser did not properly investigate his allegations or that Johnson lied about Schillinger stating he had made the whole thing up. "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Schillinger received only sixteen days of room confinement after being found guilty of the conduct report. Under Seventh Circuit precedent, absent egregious conditions, any stay in segregation for less than six months "is not enough to implicate a liberty interest that triggers due process rights." *Id.* Given that Schillinger was confined to his room for just over two weeks, no constitutionally protected liberty interest was at stake.

Moreover, even if Schillinger had sufficiently alleged that he possessed a protected liberty interest, his allegations do not suggest that his due process rights were violated. The Seventh Circuit has clarified that "inmates facing only disciplinary action like segregation, rather than disciplinary action affecting the length of their carceral sentence, like a reduction in good-time credit," are entitled to only "informal due process." *Ealy*, 109 F.4th at 966. "[I]nformal due process requires only that an inmate is provided (1) notice of the reasons for the inmate's placement in segregation and (2) an opportunity to present his views, for instance, in a written statement or at a hearing." *Id*. Schillinger received notice of the charges in the conduct report and was able to present his version of what happened at the disciplinary hearing. Schillinger therefore received the process he was due, and he fails to state a claim.

3

Next, Schillinger does not state a claim against Johnson based on allegations that he lied about Schillinger admitting that he made the whole thing up. The Court notes that Schillinger repeatedly stresses that he has a very bad memory and does "seem to forget alot of things," Dkt. No. 1-1 at 4, so it is possible that Schillinger has forgotten what he told Johnson. Regardless, the Seventh Circuit has explained that, although providing false information about a prisoner may violate prison policy, it does not on its own violate the Constitution or suggest deliberate indifference. *See Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019).

Nor does Schillinger state a claim based on his allegations that Lt. Dangelser failed to adequately address his complaints that he had been sexually harassed by another inmate. Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). According to the complaint, Lt. Dangelser watched hours of video and did not see that Schillinger had *any* contact with the other inmate, let alone inappropriate contact. Schillinger now acknowledges that he may have reported that the contact happened on the wrong day, but Lt. Dangelser could not have been deliberately indifferent because she relied on the information Schillinger reported to her. Schillinger asserts that she should have talked to the other inmate, but Schillinger is not entitled to dictate how his complaints are investigated. The Constitution requires only reasonable measures, and Lt. Dangelser's decision to review the video footage of the day and place where the harassment allegedly occurred was reasonable. Moreover, it does not appear that Schillinger has suffered any harm from the allegedly deficient investigation. According to Schillinger, the other inmate has not had any inappropriate interactions with him since he learned Schillinger had complained. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.).

Finally, Schillinger does not state a retaliation claim against Johnson based on allegations that Johnson lied about Schillinger's so-called admission to making the whole thing up because he did not want the other inmate to get in trouble. To plead a retaliation claim, Shillinger needed to allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v.*

4

*Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).  Schillinger fails to state a claim because he alleges that Johnson was motivated by his desire to protect the other inmate, not by Schillinger filing a complaint.  In any event, Schillinger is upset that he received sixteen days of room confinement after being found guilty of a conduct report.  But Johnson was not personally involved in issuing the conduct report or deciding the punishment, so he is not liable for those actions.  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (holding that under §1983, an individual must be personally involved in the alleged constitutional violation to be liable).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint.  *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).  Accordingly, if Schillinger believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **April 24, 2026**.  He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054*, 1056–57 (7th Cir. 1998).  If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A.  If an amended complaint is not received, the Court will dismiss this action based on Schillinger's failure to state a claim in his original complaint.  If Schillinger does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.  The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Schillinger's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **April 24, 2026**, Schillinger may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Schillinger a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Schillinger shall collect from his institution trust account the $331.66 balance of the filing fee by collecting monthly payments from Schillinger's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

5

The payments shall be clearly identified by the case name and number assigned to this action. If Schillinger is transferred to another institution, the transferring institution shall forward a copy of this Order along with Schillinger's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Schillinger is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Schillinger is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
