DANIEL A. SCHILLINGER,

        Plaintiff,

        v.                      Case No. 26-cv-0251-bhl

JORDAN JOHNSON,
VINCENT CAIRA, JR., and
LAURA A. DANGELSER,

        Defendants.

## SCREENING ORDER

Plaintiff Daniel Schillinger, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 26, 2026, the Court screened the complaint and after concluding it failed to state a claim on which relief could be granted, gave Schillinger the opportunity to file an amended complaint, which he did on April 14, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

The amended complaint is long on legal conclusions but short on factual allegations, so it is difficult for the Court to identify what Schillinger believes Defendants did or did not do to violate his rights. It appears that Schillinger made a complaint against another inmate under the Prison Rape Elimination Act (PREA). Schillinger does not describe the contents of the complaint. According to Schillinger, Unit Manager Jordan Johnson told Schillinger that he would investigate the complaint, and later informed another officer that Schillinger admitted to lying about the whole thing because he was mad at the other inmate. Schillinger also alleges that Lt. Laura Dangelser filed disciplinary charges against him based on the allegedly false PREA report. He states that she was disrespectful and called him a liar. Finally, although not entirely clear, it appears that Vincent Caira, Jr., was the hearing officer on the conduct report and found Schillinger guilty. Schillinger does not explain what discipline, if any, he received.

### THE COURT'S ANALYSIS

It appears that, in response to the March 26, 2026 screening order in which the Court informed Schillinger that the facts he alleged failed to state a claim, Schillinger prepared an amended complaint that stripped most of his factual allegations and left behind only legal conclusions. But Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). Schillinger's allegations of what happened, who was involved, and how he was impacted are so vague that the Court cannot reasonably infer that Defendants violated his rights as he concludes.

2

As explained in the original screening order, Schillinger does not state a due process claim based on his allegations that Lt. Dangelser did not properly investigate his allegations and that Johnson lied about Schillinger stating he had made the whole thing up. "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Schillinger does not disclose what punishment he received after being found guilty of the conduct report, so the Court cannot reasonably infer that a protected liberty interest was at stake. Moreover, even if Schillinger had sufficiently alleged that he possessed a protected liberty interest, his allegations do not suggest that his due process rights were violated. The Seventh Circuit has clarified that "inmates facing only disciplinary action like segregation, rather than disciplinary action affecting the length of their carceral sentence, like a reduction in good-time credit," are entitled to only "informal due process." *Ealy*, 109 F.4th at 966. "[I]nformal due process requires only that an inmate is provided (1) notice of the reasons for the inmate's placement in segregation and (2) an opportunity to present his views, for instance, in a written statement or at a hearing." *Id*. Schillinger received notice of the charges in the conduct report and was able to present his version of what happened at the disciplinary hearing. Schillinger therefore received the process he was due, and he fails to state a claim.

Next, as previously explained, Schillinger does not state a claim against Johnson based on allegations that he lied about Schillinger admitting that he made the whole thing up. The Seventh Circuit has explained that, although providing false information about a prisoner may violate prison policy, it does not on its own violate the Constitution or suggest deliberate indifference. *See Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019). And, as noted, Schillinger had an opportunity to present his version of what happened at the disciplinary hearing.

Nor does Schillinger state a claim based on his allegations that Defendants failed to adequately address his complaints about another inmate because Schillinger does not allege that he suffered any harm from the allegedly deficient investigation. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.). Here, it is not clear what risk of harm, if any, the other inmate posed to Schillinger, nor does Schillinger allege that the inmate harmed him after he complained about him.

Finally, Schillinger does not state a retaliation claim against Johnson based on allegations that Johnson lied about Schillinger's so-called admission to making the whole thing up. To plead a retaliation claim, Shillinger needed to allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Schillinger cannot satisfy the third prong because, according to Schillinger, Johnson was not involved in issuing the conduct report or deciding the punishment. Accordingly, Johnson was not responsible for any alleged deprivation Schillinger believes he suffered. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (holding that under §1983, an individual must be personally involved in the alleged constitutional violation to be liable).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4